IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE ANDREASIK, | § § | |
| Plaintiff | § § | Case No. 1:15-cv-07159 |
| v. | § § | Judge James B. Zagel |
| RYAN, LLC | § § | |
| Defendant. | § § | |

**DEFENDANT RYAN, LLC'S ORIGINAL ANSWER
TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Ryan, LLC ("Defendant" or "Ryan") and submits this Answer to Plaintiff's Complaint and would respectfully show the Court as follows:

**I.
ANSWER**

Ryan responds to the allegations contained in Plaintiff's Complaint by correspondingly numbered paragraphs as follows:

**INTRODUCTION**

1. Ryan admits that Plaintiff seeks relief under the theories articulated in the introductory paragraph of Plaintiff's Complaint but denies the remaining allegations in that paragraph.

**II.
JURISDICTION AND VENUE**

2. Ryan admits that this Court has jurisdiction over this matter and that venue is proper.

## III.
## FACTUAL ALLEGATIONS

3. Ryan, on information and belief, admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Ryan admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. Ryan admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. Ryan admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. Ryan admits the allegations in paragraph 7 of Plaintiff's Complaint.

8. Ryan denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Ryan is without information sufficient to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

10. Ryan is without information sufficient to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

11. Ryan admits that Plaintiff sent Brint Ryan a string of unprofessional emails but is without information sufficient to admit or deny the remaining allegations in paragraph 11 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

12. Ryan admits that the email communication sent by Plaintiff to Brint Ryan did not make sense and were not "typical," but denies that the emails were not "threatening" and denies the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13. Ryan is without information sufficient to admit or deny the allegation in paragraph 13 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

14. Ryan admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. Ryan is without information sufficient to admit or deny the allegation in paragraph 15 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

16. Ryan admits that Plaintiff sent Brint Ryan an email along the lines referenced in paragraph 16 of Plaintiff's Complaint, but is without knowledge as to the reasons Plaintiff sent such an email or of Plaintiff's mental or physical condition at the time. To the extent a response is required, Ryan denies the allegations. Ryan denies all other allegations in paragraph 16 of Plaintiff's Complaint.

17. Ryan denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Ryan admits that at some point it received medical documentation from Plaintiff's sister regarding Plaintiff's condition.

19. Ryan denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Ryan neither admits nor denies the allegations in paragraph 20 of Plaintiff's Complaint as such allegations set forth legal conclusions to which no response is required. To the extent a response is required, Ryan denies the allegations.

21. Ryan is without information sufficient to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

22. Ryan is without information sufficient to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

23. Ryan is without information sufficient to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

## IV.
## COUNT I

24. Ryan admits that Plaintiff seeks to incorporate her previous allegations in paragraph 24 of Plaintiff's Complaint. Ryan likewise incorporates its previous denials and responses.

25. Ryan neither admits nor denies the allegations in paragraph 25 of Plaintiff's Complaint as such allegations set forth legal conclusions to which no response is required. To the extent a response is required, Ryan denies the allegations.

26. Ryan is without information sufficient to admit or deny the allegations in paragraph 26 of Plaintiff's Complaint. To the extent a response is required, Ryan denies the allegations.

27. Ryan denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Ryan denies the allegations in paragraph 28 of Plaintiff's Complaint.

## V.
## COUNT II

29. Ryan denies the allegations in the introductory sentence of paragraph 29 of Plaintiff's Complaint. Ryan admits that Plaintiff seeks the relief identified in paragraph 29 of Plaintiff's Complaint but denies that she is entitled to same.

30. Ryan admits that Plaintiff seeks to incorporate her previous allegations in paragraph 30 of Plaintiff's Complaint. Ryan likewise incorporates its previous denials and responses.

31. Ryan neither admits nor denies the allegations in paragraph 31 of Plaintiff's Complaint as such allegations set forth legal conclusions to which no response is required. To the extent a response is required, Ryan denies the allegations.

32. Ryan denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Ryan denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Ryan denies the allegations in the introductory sentence of paragraph 34 of Plaintiff's Complaint. Ryan admits that Plaintiff seeks the relief identified in paragraph 34 of Plaintiff's Complaint but denies that she is entitled to same.

## VI.
## COUNT III

35. Ryan admits that Plaintiff seeks to incorporate her previous allegations in paragraph 35 of Plaintiff's Complaint. Ryan likewise incorporates its previous denials and responses.

36. Ryan denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Ryan denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Ryan denies the allegations in the introductory sentence of paragraph 38 of Plaintiff's Complaint. Ryan admits that Plaintiff seeks the relief identified in paragraph 38 of Plaintiff's Complaint but denies that she is entitled to same.

## VII.
## GENERAL DENIAL

39. Any allegations not specifically admitted, explained, modified or denied above are expressly denied.

## VIII.
## **AFFIRMATIVE DEFENSES**

40. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust her administrative remedies and/or satisfied all conditions precedent with respect to any claims not asserted in her change of discrimination.

41. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not disabled and did not have a record of disability, nor was Plaintiff regarded as disabled, as defined under the ADA.

42. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Ryan states that it took reasonable and good faith steps to ascertain and comply with the requirements of the statutes and laws identified in Plaintiff's Complaint, and any acts in violation of such statutes and laws were in contravention of Ryan's good faith efforts to comply with the statutes and laws identified in Plaintiff's Complaint.

43. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff must mitigate any and all alleged damages, and Ryan is entitled to an offset for any amount that was or could have been earned by Plaintiff.

44. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Ryan states that all employment actions taken by it were based on legitimate, non-discriminatory business reasons.

45. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Ryan pleads in the alternative that the employment actions taken regarding Plaintiff would have been taken regardless of any protected activity by Plaintiff under the statutes and laws cited in Plaintiff's Complaint.

46. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Defendant's conduct was not willful or in reckless disregard of Plaintiff's rights; Defendant acted in good faith and reasonably believed that it acted in compliance with the laws under which Plaintiff asserts claims.

47. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff has suffered no damages as a result of any alleged wrongful conduct of Defendant.

48. Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff's claims for compensatory, punitive, and liquidated damages are subject to all applicable statutory caps and limitations under any applicable federal and/or state law.

WHEREFORE, Defendant Ryan, LLC prays that Plaintiff take nothing by way of this suit, that Ryan recover its costs and fees incurred herein and that the Court provide Ryan all other and further relief, legal and equitable, to which Ryan may be entitled.

Dated: October 13, 2015 Respectfully submitted,

By: */s/ Mary Ellen Vales*

MORGAN, LEWIS & BOCKIUS LLP
Paulo B. McKeeby, Bar No. 00784571 (*pro hac vice* admission pending)
1717 Main Street
Suite 3200
Dallas, TX 75201-7347
Telephone: +1.214.466.4000
Facsimile: +1.214.466.4001
paulo.mckeeby@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Mary Ellen Vales, Bar No. 6310374
77 West Wacker Drive
Chicago, IL 60601-5094
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
mvales@morganlewis.com

*Attorneys for Defendant Ryan, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's ECF Filing System on this 13th day of October, 2015:

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 South Wacker Drive, Suite 230
Chicago, IL  60606

By: /s/ *Mary Ellen Vales*